UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
UNITED EMPLOYEES HEALTH FUND,

                Plaintiff,

   -against-

METROPOLITAN PAPER RECYCLING, INC.,

                Defendants.
----------------------------------------------------------X

For Online Publication Only

FILED
CLERK
2/8/2018 4:36 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**ORDER**
16-CV-6531 (JMA)(AYS)

**AZRACK, District Judge:**

Plaintiff United Employees Health Fund commenced this action by filing a complaint on November 23, 2016. The summons and complaint was served upon the defendant Metropolitan Paper Recycling, Inc. and an answer was due by December 30, 2016. Counsel for the defendant filed a stipulation extending time to answer the complaint until January 31, 2017. The request was granted by Magistrate Judge Anne Y. Shields on December 22, 2016. On January 31, 2017, a second motion for extension of time to answer was filed by the defendant. Judge Shields granted the motion on February 1, 2017 and defendant's time to answer was extended through February 14, 2017. The answer was never filed.

On March 21, 2017, plaintiff filed a request for certificate of default. The Clerk of the Court entered the default on March 27, 2017. To date, Plaintiff has not filed a motion for default judgment.

On October 11, 2017, this Court issued an Order directing plaintiff to either: (1) file a status report, or (2) a motion for default judgment. Plaintiff's response was due by November 10, 2017. The Court warned Plaintiff that failure to comply could result in dismissal of the case for failure to prosecute.

On November 21, 2017, this Court issued a second Order directing plaintiff to either: (1) file a status report, or (2) a motion for default judgment. Plaintiff's response was due by December 5, 2017. Plaintiff was again warned that failure to comply could result in dismissal of the case. To date, nothing has been filed with the Court.

Federal Rule of Civil Procedure 41(b) provides, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The Second Circuit considers five principal factors when reviewing a district court's order of dismissal for failure to prosecute:

> (1) the duration of plaintiff's failures; (2) whether plaintiff received notice that further delays would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay; (4) whether the court struck the appropriate balance between alleviating the court calendar with protecting the plaintiff's right to due process; and (5) whether the judge adequately assessed the efficacy of lesser sanctions.

Shannon v. Gen. Elec. Co., 186 F.3d 186, 193–94 (2d Cir. 1999) (quoting Nita v. Connecticut Dep't of Envtl. Protection, 16 F.3d 482, 485 (2d Cir. 1994)). Generally, no single factor is dispositive. Id. at 194.

Plaintiff has failed to comply with and respond to the Court's orders. Furthermore, the Court warned plaintiff that failure to respond would result in the dismissal of the case. Plaintiff's failure to comply with the Court's orders constitutes grounds for dismissal. Accordingly, plaintiff's claims are dismissed for failure to prosecute and noncompliance. The Clerk of Court is directed to close this case.

**SO ORDERED.**

Dated: February 8, 2018
Central Islip, New York

                                                        /s/ JMA
                                          JOAN M. AZRACK
                                        UNITED STATES DISTRICT JUDGE